[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15016
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:03-cr-00042-JEC-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO E. MOSES,

Defendant-Appellant.

_____

No. 10-15050
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00164-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MOSES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Antonio Moses appeals his sentence of 41 months of imprisonment for mail fraud, 18 U.S.C. § 1341, and making false statements, id. § 1001, and his sentence to a consecutive term of 19 months of imprisonment following the revocation of his supervised release for his convictions in 2005 for conspiring to defraud the United States, id. § 371, and wire fraud, id. § 1343. Moses argues that the district court should have excluded from its calculation of loss the amount of a fraudulent loan for which Roland Lane Jr. applied. Moses also argues that his sentence for violating his supervised release is procedurally unreasonable. We affirm.

The district court did not clearly err by including in Moses's amount of loss

the fraudulent loan for which Lane applied. Moses "aided" or "abetted" Lane in applying for the fraudulent loan "during the commission of [Moses's] offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." United States Sentencing Guidelines Manual § 1B1.3(a)(1). Moses allowed Lane to use in his loan application false information about his employment with Moses's shell corporation, Atlanta Construction Group, and Moses verified that false information about Lane's purported employment when queried by the lender. Officer Jan Moses examined loan applications filed by Moses and determined that he had used the same false information to apply for at least two loans and to obtain at least one loan and 13 lines of credit.

Moses's sentence for violating his supervised release is procedurally reasonable. The district court considered the sentencing factors and found that Moses's conduct was "very serious," his actions "show[ed] no willingness and no inclination to ever change," that his "schemes" posed a "danger to our economic system and to those who rely on the person's honesty," and "the only way to protect people is to keep [him] in jail longer." See 18 U.S.C. § 3553(a). Moses complains that the district court did not address the need to provide educational or vocational training or to avoid unwarranted sentencing disparities, id. §

3553(a)(4), (a)(6), but "[t]he district court need not state on the record that it has explicitly considered each factor and need not discuss each factor," <u>United States v. Dorman</u>, 488 F.3d 936, 938 (11th Cir. 2007). The district court provided a sufficient explanation for its sentence.

We **AFFIRM** Moses's sentences.